IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| NATALY ZAMORA, individually and on behalf of similarly situated individuals <br><br> Plaintiff <br><br> v. <br><br> Wireless Time Partners LLC <br><br> Defendant. | CIVIL ACTION NO. _____ |

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   SUMMARY

1. Plaintiff Nataly Zamora ("Zamora" or "Plaintiff") files this Original Class Action Complaint against Defendant Wireless Time Partners LLC ("Wireless " or "Defendant") to recover the unpaid overtime wages owed to Defendant's workers under the Fair Labor Standards Act ("FLSA"). As shown below, Wireless failed to compensate Zamora and all other similarly situated hourly employees at all Wireless cellphone stores using an overtime rate derived from a formula based on all remuneration received. Instead, of using all remuneration received to calculate Plaintiff's regular and overtime rate of pay, Wireless improperly excluded certain non-discretionary bonuses from the calculations, thereby depriving Plaintiff and all those similarly situated of overtime pay at the appropriate rate of pay.

### II.   JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. 216(b) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 because Wireless is a Florida company

and maintains a corporate office in this District.

### III.   PARTIES

4.   Wireless Time Partners LLC "Wireless Time" is a Florida foreign limited liability company with cell phone stores all over the US.  It may be served through its registered agent: Thomas P. Mcnamara at 2907 Bay to Bay Blvd, Suite 201 Tampa, FL 33629, or wherever they may be found.

5.   Zamora was employed by Defendant during the relevant statutory time period as an hourly employee. She regularly worked in excess of 40 hours a week without receiving full and complete overtime pay calculated at a rate based on all remuneration received.  Her written consent is attached as Exhibit A.

6.   <u>Class Description for the First Cause of Action</u> –Zamora brings this action on behalf of herself and all other similarly situated hourly employees under §16(b) of the FLSA 29 U.S.C. §216(b) (the "FLSA Collective Action Members"). The FLSA Collective Action Members were subjected to the same FLSA violations as Zamora and is properly defined as:

> **ALL CURRENT AND FORMER HOURLY EMPLOYEES OF Wireless Time Partners LLC  DURING THE PAST THREE (3) YEARS THAT RECEIVED HOURLY PAY AND BONUSES ("FLSA Collective Action Members")**

The members of the FLSA Collective Action Members are easily ascertainable from Defendant's business records, particularly personnel records.

### IV.   FACTUAL ALLEGATIONS

7.   Zamora and all those similarly situated to her worked for Defendant as hourly employees. Zamora and all those similarly situated to her regularly worked in excess of 40 hours a week.

8.   Zamora and all those similarly situated to her were eligible to receive and

did in fact receive non-discretionary bonuses. These non-discretionary bonuses consisted of, but were not limited to, bonuses for meeting preset sales goals for phones and phone accessories.

9. For example, in the pay period of January 25, 2021 through February 7, 2021, Wireless paid Ms. Zamora two types of sales bonuses but failed to include these remunerations in the calculation of Plaintiff's regular and overtime rate of pay.

10. Based on reasonable belief, Defendant used this same pay policy and practice for all of its stores.

11. Under the FLSA, Wireless was required to include these non-discretionary bonuses in calculating the FLSA Collective Action Members regular rate of pay for overtime purposes. *See* 29 U.S.C. §207(e); 29 C.F.R. §778.209. However, Wireless improperly excluded these non-discretionary bonuses from the regular rate of pay, and as a result Plaintiff and the FLSA Collective Action Members were not paid overtime at the proper overtime rate required by federal law.

## V. COLLECTIVE ACTION ALLEGATIONS

12. Zamora brings this claim under the FLSA as a Collective action.

13. The members of the FLSA Collective Action are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime. They are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Because Wireless excluded non-discretionary bonuses from the regular rate of pay for all hourly employees who worked at the stores, Zamora and all of the FLSA Collective Action Members are

similarly situated within the meaning of 29 U.S.C. § 216(b).

14. Absent a Collective action, many members of the FLSA Collective Action likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

15. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## VI. FIRST CAUSE OF ACTION

**A. Violation of the FLSA-Overtime did not include non-discretionary Bonuses (Brough on behalf of Plaintiff and the FLSA Collective Action Members)**

16. Zamora incorporates the preceding paragraphs by reference.

17. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

18. During Plaintiff's employment with Defendant, Defendant, earned more than $500,000.00 per year in gross sales.

19. During Plaintiff's employment with Defendant, Defendant, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

20. Included in such goods, materials and supplies were cell phones, accessories, cases, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

21. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

22. Defendant employed Zamora and each of the FLSA Collective Action Members.

23. Defendant's pay policy denied Zamora and the FLSA Collective Action Members overtime compensation at a rate based on all remuneration received as required by the FLSA.

24. Defendant's failure to pay Zamora and the FLSA Collective Action Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

25. The foregoing conduct constitutes a willful violation of the FLSA. Due to Defendant's FLSA violations, Zamora and the FLSA Collective Action Members are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

26. Defendant's failure to pay Zamora and the FLSA Collective Action Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

27. The foregoing conduct constitutes a willful violation of the FLSA. Due to Defendant's FLSA violations, Zamora and the FLSA Collective Action Members are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## VII.  PRAYER

**WHEREFORE**, Nataly Zamora prays for relief as follows:

1. An order designating this lawsuit as a Collective action and authorizing notice

pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Members to permit them to join this action by filing a written notice of consent;

2. Judgement against Defendant, Wireless, awarding Plaintiff and the other FLSA Collective Action Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the other FLSA Collective Action Members may show themselves to be justly entitled.

Date: July 28, 2022

Respectfully submitted,

MORGAN & MORGAN, P.A.

**/c/ C. Ryan Morgan**
C. Ryan Morgan, Esq.
Florida Bar No.: 0015527
20 N. Orange Ave.
Orlando, FL 32801
Telephone: (407) 420-1414
E-mail: rmorgan@forthpeople.com

Trang Q. Tran, Esq. (*pro hac vice forthcoming*)
TRAN LAW FIRM
Federal I.D.: 20361
Texas Bar No.: 00795787
2537 S. Gessner Suite 104
Houston, TX 77063
Telephone: (713) 223-8855
E-mail: trang@tranlf.com; service@tranlf.com

**ATTORNEYS FOR PLAINTIFF individually and on behalf of similarly situated individuals**